Filed 12/16/13  Rum Hospitality Development v. Keating Hotel CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### COURT OF APPEAL, FOURTH APPELLATE DISTRICT

### DIVISION ONE

### STATE OF CALIFORNIA

| | |
|---|---|
| RUM HOSPITALITY DEVELOPMENT, LLC et al., | D063558 |
| Plaintiffs and Respondents, | |
| v. | (Super. Ct. No. 37-2011-00094721-CU-FR-CTL) |
| KEATING HOTEL, LLC et al., | |
| Defendants and Appellants. | |

APPEAL from an order of the Superior Court of San Diego County, Joan M. Lewis , Judge.  Affirmed.

Chad A. Harris for Defendants and Appellants.

Atkins & Davidson and Todd C. Atkins for Plaintiffs and Respondents.

In this indemnification action brought by plaintiffs Rum Hospitality Development, LLC (Rum) and Roye Mbarah (Mbarah) (together, plaintiffs) against Keating Hotel, LLC; Keating Building, LLC; Edward Kaen; Sherry Kean; Gotham Management, LLC;

and Intergulf Services, Inc. (collectively, defendants), the defendants brought a petition to compel arbitration, which the court denied.

On appeal, the defendants assert the court erred in denying their petition because (1) they sufficiently alleged an agreement to arbitrate, (2) the court required a declaration from defendants that they had in fact entered into the agreement to arbitrate, and (3) the court considered evidence and argument presented by plaintiffs that should have been barred by the doctrine of judicial estoppel. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

A. *The Underlying Litigation*

This case arises out of a written agreement between Santech Systems, Inc. (Santech) and InterGulf Services, Inc. (Intergulf) to install and configure computers, servers and network peripherals at the Keating Hotel, LLC (Keating). When payment was not made on the balance of $29,700 due under the contract, Santech brought an action for breach of contract and common counts against Intergulf and Keating. Plaintiff Mbarah was later added as a defendant in the underlying litigation. Thereafter, by stipulation of the parties, it was agreed that Rum would be named as a defendant in place of Mbarah. Following a court trial, a judgment was entered against Intergulf and Keating in the amount of $29,700. The court entered judgment in favor of Rum.

B. *Indemnity Action*

Thereafter, plaintiffs instituted this action for indemnity against defendants, seeking to recover their attorney fees incurred in defending the underlying action. Plaintiffs pled a cause of action for equitable indemnity. They also pled a cause of action

2

for contractual indemnity based upon a consulting agreement. However, that agreement was never signed and defendants maintained that it was not enforceable.

C. *Petition To Compel Arbitration*

Thereafter, defendants brought a petition to compel arbitration, based upon an arbitration provision in the consulting agreement. However, the petition did not include a declaration from any of the defendants authenticating the agreement, and the agreement they attached to the motion was unsigned. Plaintiffs pointed out this deficiency in their opposition to the petition. In their reply, defendants again did not provide a declaration from one of their clients authenticating the agreement, nor a copy of a signed agreement.

At oral argument on the petition the court asked counsel for defendants if he had a declaration to provide evidence authenticating the consulting agreement as an enforceable agreement. Counsel for defendants replied, "I don't have a declaration from my client." The court denied the motion, finding the "arbitration agreement the Defendants attempt to enforce is contained in an unsigned document," and therefore defendants could not demonstrate the "'existence of a written agreement to arbitrate . . . .'"

DISCUSSION

I. *APPLICABLE LEGAL PRINCIPLES*

Code of Civil Procedure section 1281.2 governs petitions to compel arbitration and provides:

> "On petition of a party to an arbitration agreement alleging the
> existence of a written agreement to arbitrate a controversy and that a
> party thereto refuses to arbitrate such controversy, the court shall
> order the petitioner and the respondent to arbitrate the controversy *if
> it determines that an agreement to arbitrate the controversy exists*,

3

unless it determines that: [¶] (a) The right to compel arbitration has been waived by the petitioner; or [¶] (b) Grounds exist for the revocation of the agreement." (Italics added.)

Thus, contractual arbitration is available only when the parties have agreed to arbitrate a controversy. (*Herman Feil, Inc. v. Design Center of Los Angeles* (1988) 204 Cal.App.3d 1406, 1414 [arbitration "only comes into play when the parties to the dispute have agreed to submit to it"].) "'Absent a clear agreement to submit disputes to arbitration, courts will not infer that the right to a jury trial has been waived.'" (*Adajar v. RWR Homes, Inc.* (2008) 160 Cal.App.4th 563, 569.)

"The right to arbitration depends upon contract; a petition to compel arbitration is simply a suit in equity seeking specific performance of that contract. [Citations.] There is no public policy favoring arbitration of disputes which the parties have not agreed to arbitrate." (*Engineers & Architects Assn. v. Community Development Dept.* (1994) 30 Cal.App.4th 644, 653.)

## II. *ANALYSIS*

Defendants contend that they need not provide "extrinsic evidence" of an agreement to arbitrate in the form of a declaration from their client authenticating the agreement. They assert the allegations contained in the petition to compel were sufficient. Defendants further contend that even though plaintiffs are not signatories to the contract containing the arbitration agreement, nevertheless, based upon positions they took below, they should be "judicially estopped" from claiming the arbitration agreement does not apply to him. These contentions are unavailing.

4

*Brodke v. Alphatec Spine, Inc.* (2008) 160 Cal.App.4th 1569 (*Brodke*) is instructive. In that case, the plaintiffs sued for fraud and breach of contract against the defendants under a written contract that contained an arbitration clause. (*Id.* at p. 1572.) The defendants brought a petition to compel arbitration, which the court granted. (*Ibid.*) However, at the same time, the defendants contested the existence or validity of any written agreements with the plaintiffs. (*Id.* at pp. 1572-1573.)

Based upon the defendants' inconsistent positions, the Court of Appeal reversed the trial court's grant of the petition to compel: "In seeking enforcement of the contract, defendants have the burden under [Code of Civil Procedure] section 1281.2 to allege the existence of a written agreement to arbitrate. Their petition serves the function of a complaint for specific performance. [Citation.] *Absent an allegation of the existence of an agreement to arbitrate, the petition fails to state a cause of action for specific performance.*" (*Brodke, supra,* 160 Cal.App.4th at p. 1575, italics added.)

The Court of Appeal in *Brodke* held: "Defendants cannot rely on the allegations in the complaint to meet their pleading burden. While plaintiffs' admissions are an appropriate means by which the existence of an agreement may be *proved,* there is simply no reason to prove anything until the moving party alleges the existence of that which is to be proved." (*Brodke, supra,* 160 Cal.App.4th at p. 1575.) The *Brodke* court further stated, "[D]efendants did not affirmatively allege the existence of a written agreement to arbitrate. They did the opposite. They 'contest[ed] the existence or validity of any such agreements' with plaintiffs. Thus, defendants failed to satisfy the most basic statutory prerequisite to granting the petition—to allege the existence of a written

5

agreement to arbitrate." (*Id.* at p. 1574.) The *Brodke* court rejected the notion "that a party petitioning to enforce an arbitration clause may simultaneously deny the existence of the very contract sought to be enforced." (*Id.* at p. 1575.) And it held there was no public policy reason to "compel the enforcement of a contract on behalf of a party who denies the very existence of the contract sought to be enforced." (*Id.* at p. 1577.)

Likewise, in this case, defendants provided no evidence of an agreement containing an agreement to arbitrate and in fact denied the unsigned consulting agreement was enforceable. Thus, as in *Brodke*, they cannot rely on any allegations by plaintiffs that they were a party to agreement to compel arbitration because they, by their admissions, contend no such agreement exists.

In an attempt to distinguish *Brodke*, defendants rely on *Molecular Analytical Systems v. Ciphergen Biosysytems, Inc.* (2010) 186 Cal.App.4th 696. However, that case does not help defendants as the party moving to compel arbitration there alleged the existence of an enforceable and signed written agreement to arbitrate and included a declaration from a signatory to the agreement. (*Id.* at pp. 709-710.) Again, defendants provided no such evidence to the court and indeed admitted they had no such evidence.

Moreover, the document that defendants cite as an alleged admission by plaintiffs that there was an agreement to arbitrate does not assist their position. Defendants cite an e-mail from plaintiffs' counsel wherein he identified in the underlying litigation the unsigned consulting contract document that formed the basis for plaintiffs' breach of contract claim in that action. However, that e-mail only identifies the document, does not concede the agreement was binding, and does not reference any agreement to arbitrate. It

6

merely states, "That is the contract I am referring to, although I cannot say whether your client has any modifications to the contract or other versions of the contract."  Therefore, there is no basis for plaintiffs to be "judicially estopped" from opposing the petition to compel arbitration.

## DISPOSITION

The order denying the petition to compel arbitration is affirmed.  Plaintiffs shall recover their costs on appeal.

NARES, J.

WE CONCUR:

McCONNELL, P. J.

HALLER, J.